Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Talya Goldfinger (State Bar No. 294926)
tgoldfinger@rutan.com
RUTAN & TUCKER, LLP
118575 Jamboree Road, 9th Floor
Irvine, California  92612
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Plaintiffs PIPE RESTORATION TECHNOLOGIES, LLC and  ACE DURAFLO SYSTEMS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIPE RESTORATION TECHNOLOGIES, LLC, a Nevada Limited Liability Company; ACE DURAFLO SYSTEMS, LLC. a Nevada Limited Liability Company,<br><br>Plaintiffs,<br>vs.<br><br>FLORIDA DRAIN-LINING SOLUTIONS, LLC, a Florida Limited Liability Company; RONALD CODDINGTON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:23-cv-00237-FWS-DFM<br><br>Judge: The Hon. Fred W. Slaughter<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE** |

# **[PROPOSED] ORDER**

Defendants Ronald Coddington and Florida Drain-Lining Solutions, LLC ("Defendants") moved to dismiss the Complaint of Plaintiffs Pipe Restoration Technologies, LLC and Ace Duraflo Systems, LLC ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) and 28 U.S.C. § 1406(a). Alternatively, Defendants moved to transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a) or § 1404(a). Plaintiffs opposed the Motion. After considering the moving, opposition, and reply papers, arguments of counsel, and all other matters presented to the Court,

**IT IS HEREBY ORDERED** that:

1. The Court **DENIES** Defendants' Motion to Dismiss in its entirety. Defendants consented to the jurisdiction of this Court and to venue under the forum selection clause in the parties' license agreement. *See IntelliCAD Tech. Consortium v. Suzhou Gstarsoft Co.*, 465 F. Supp. 3d 1130, 1137 (D. Or. 2020) ("Personal jurisdiction may rest entirely upon consent"); *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086–87 (9th Cir. 2018) (embracing language in forum selection clause in Share Purchase Agreement applied to fraud claims); *Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 23 (1st Cir. 2011) ("the forum clause should control absent a strong showing that it should be set aside"). In any event, even absent the forum selection clause, the Court has personal jurisdiction over Defendants because they chose to enter into a long-term franchise relationship with Plaintiffs, who are based in Orange County, California, they could reasonably expect to be brought into this Court by virtue of that relationship, and the claims at issue in this lawsuit arise out of that relationship including because Defendants would not have had access to Plaintiffs' intellectual property if not for the original license agreement. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479-80 (1985); *Corp. Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987). Defendants have not met their burden to show that the exercise of jurisdiction would

be unreasonable. *See Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1118 (C.D. Cal. 2009). Venue is also proper under 28 U.S.C. § 1400(a) for the copyright claims and under 28 U.S.C. § 1391(b) for the trademark claims including because this district is where the parties entered into the license agreement which gave Defendants access to Plaintiffs' intellectual property.

2. The Court **DENIES** Defendants' Motion to Transfer in its entirety. Defendants have waived any right to challenge venue by agreeing to the terms of the license agreement, including the forum selection clause. This forum selection clause is given determinative weight and Defendants cannot now argue that it would be somehow too inconvenient to litigate in their selected forum. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62–63 (2013). Moreover, even outside of the forum selection clause, Defendants cannot meet their burden to show that venue is so inconvenient as to justify transfer. *See Allstar*, 666 F. Supp. 2d at 1131. The balancing of the relevant factors weighs in favor of remaining in this district as Plaintiffs have chosen this venue and Defendants have failed to identity any witnesses who might be inconvenienced by travelling from Florida to California. *See Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ("In this case, the defendant has failed to make such a showing, instead supporting its motion with mere conclusory allegations"); *Allstar*, 666 F. Supp. 2d at 1133 ("Because none of the parties has identified non-party witnesses, this factor adds little to the court's analysis. Certainly, defendants have not demonstrated that the factor favors transfer").

**IT IS SO ORDERED.**

Dated: _____

The Honorable Fred W. Slaughter
United States District Court Judge