1  Ronald P. Oines (State Bar No. 145016)
   roines@rutan.com
2  Talya Goldfinger (State Bar No. 294926)
   tgoldfinger@rutan.com
3  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
4  Irvine, California 92612
   Telephone: 714-641-5100
5  Facsimile: 714-546-9035

6  Attorneys for Plaintiffs PIPE RESTORATION
   TECHNOLOGIES, LLC and ACE DURAFLO
7  SYSTEMS, LLC

8

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  PIPE RESTORATION                    Case No. 8:23-cv-00237-FWS-DFM
    TECHNOLOGIES, LLC, a Nevada
13  Limited Liability Company; ACE
    DURAFLO SYSTEMS, LLC. a Nevada     **PLAINTIFFS' UNOPPOSED EX
14  Limited Liability Company,          PARTE APPLICATION FOR LEAVE
                                        TO FILE SUR-REPLY BRIEF TO
15            Plaintiffs,               RESPOND TO NEW EVIDENCE
                                        AND ARGUMENT IN
16        vs.                           DEFENDANTS' REPLY**

17  FLORIDA DRAIN-LINING               **(Memorandum of Points and
    SOLUTIONS, LLC, a Florida Limited   Authorities Attached hereto;
18  Liability Company; RONALD           Declaration of Ronald P. Oines and
    CODDINGTON, an individual; and      [Proposed] Order Filed Herewith)**
19  DOES 1 through 10, inclusive,
                                        Hon. Fred W. Slaughter
20            Defendants.               Courtroom: 10D

21

22

23                 **EX PARTE APPLICATION**

24        Plaintiffs PIPE RESTORATION TECHNOLOGIES, LLC ("PRT") and ACE

25  DURAFLO SYSTEMS, LLC ("ACE") (collectively, "Plaintiffs") submit this

26  *unopposed* Ex Parte Application for leave to file a brief sur-reply to respond to new

27  evidence and arguments made for the first time in Defendants' reply in support of

28  their Motion to dismiss or transfer ("Motion") (ECF no. 16).

## NOTICE TO OPPOSING COUNSEL

Defendants FLORIDA DRAIN-LINING SOLUTIONS, LLC ("FDLS") and RONALD CODDINGTON ("Coddington") (collectively, "Defendants") are represented by Otto Lee, Kevin Viau and Cecilia Liu (cliu@iplg.com) of Intellectual Property Law Group LLP, 1871 The Alameda, Suite 250, San Jose, CA 95126; Telephone: (408) 286-8933

Plaintiffs' counsel gave notice of their intent to file this Application at approximately 3:52 p.m. on April 7, 2023. (Oines Dec. ¶ 2.) At 5:00 p.m. on April 7, 2023, Defendants' counsel indicated by email that they do not oppose the relief sought by this Application. (*Id*.)

## REASONS FOR SEEKING EX PARTE RELIEF

Defendants filed their Reply brief and new Coddington Declaration on April 6, 2023. The hearing on Defendants' Motion is scheduled for April 20, 2023. Plaintiffs request that they be allowed to file a sur-reply brief prior to the April 20, 2023 hearing date. Plaintiffs suggest that they could file the sur-reply by April 13, 2023. In light of the upcoming hearing, Plaintiffs do not have time to file a fully noticed motion to seek leave to file a sur-reply.

## MEMORANDUM OF POINTS AND AUTHORITIES

Other than a Declaration from Coddington, Defendants did not submit any evidence in support of their Motion. In his Declaration filed in support of the Motion, Coddington referred to a February, 2012 "Consent to Transfer and Assumption of License Agreement," ("Consent Agreement") pursuant to which Coddington's company, Florida Pipe-Lining Solutions, LLC, assumed all rights, duties and obligations under the pertinent License Agreement. (ECF no. 16-1, ¶ 10.) However, Defendants did not attach the Consent Agreement to Coddington's Declaration or the Motion, and did not argue that the Consent Agreement supported Defendants' argument that the forum selection clause does not apply to this case.

Plaintiffs filed their Opposition papers on March 30, 2023. (ECF nos. 18;

18-1; 18-2.) Defendants filed their Reply on April 7, 2023. (ECF no. 19.) Defendants attached three exhibits to the Reply, including a copy of a Consent Agreement. Defendants also submitted another 17 paragraph Declaration of Coddington. (ECF 19-1.)

Most of the new evidence submitted is not even relevant to Defendants' Motion. However, Defendants now argue that the Consent Agreement somehow shows that Coddington did not agree to be bound by the venue clause in the License Agreement. (ECF no. 19, pg. 2.) Plaintiffs assert that the Consent Agreement shows just the opposite, i.e., that Coddington expressly agreed that the venue clause applies to him and his company.

By this Application, Plaintiffs merely seek an opportunity to file a brief sur-reply to address the three new exhibits and the new Declaration, and the new arguments based on the new evidence, including the new argument based on the Consent Agreement. As this Court recently held, "it is improper for a party to introduce new facts or arguments beyond those raised in the moving papers." *Ponce v. Medline Industries, LP*, 2023 WL 2628694 (C.D. Cal. 2023); citing *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999)("It is well accepted that raising of new issues and submission of new facts in reply brief is improper.")

When a party submits new evidence or arguments in a reply, the Court should permit the opposing party to respond to such new evidence and arguments in a sur-reply brief. *United States v. Venture One Mortgage Corporation*, 2015 WL 12532139, *2 (S.D. Cal. 2015); *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003).

Here, although Defendants referred to the Consent in their Motion, they did not submit the Consent, and they did not argue that Coddington did not agree to the venue clause. In the Motion, Defendants asserted, in pertinent part:

"In February 2012, ACE, FPLS and Coddington signed a Consent to Transfer and Assumption Of License Agreements ("Consent") in

1    which the existing licensee at that time transferred 100% of its rights,
2    duties and obligations under and pursuant to the license agreement to
3    assignee FPLS. (Coddington. Decl. ¶10) Pursuant to the dispute
4    resolution clause in this Consent, 'The parties to this Consent agree to
5    resolve any disputes arising out of this Consent pursuant to the dispute
6    resolution provisions in the License Agreement, including, without
7    limitation, the provisions addressing venue, choice of law and
8    attorneys' fees.' According to clause 22.07 Choice of Forum in the
9    license agreement, 'Licensor and Licensee (and their respective
10   owners and guarantors if applicable) each agree that if litigation is
11   permitted under this Agreement, the sole forum for litigation arising
12   under this Agreement...will be an appropriate state or federal court in
13   California.'"

14   (Motion, pgs. 4:24-5:7.)

15       In the Motion, Defendants did not submit a copy of the Consent, did not
16   assert that Coddington crossed out any portion of the Consent, and did not seek to
17   argue that by crossing out a portion relating to a personal guaranty, Coddington
18   somehow also did not agree to the venue clause in the License Agreement and the
19   Consent.

20       By this Application, Plaintiffs simply wish to have an opportunity to respond
21   to Defendants, new evidence and new argument relating thereto.

22                              **CONCLUSION**

23       Plaintiffs request an Order allowing them to file a sur-reply to address the
24   new evidence submitted by Defendants with their Reply and the new arguments
25   based thereon. Plaintiffs request that the Order allow a sur-reply up to 10 pages in
26   length, which would be filed on or before April 13, 2023. A proposed Order is
27   submitted herewith.

28

UNOPPOSED EX PARTE APPLICATION
FOR LEAVE TO FILE SUR-REPLY BRIEF

1

Dated:  April 10, 2023

RUTAN & TUCKER, LLP
RONALD P. OINES
TALYA GOLDFINGER

2

3

By:      */s/ Ronald P. Oines*

4

Ronald P. Oines
Attorneys for Plaintiffs PIPE
RESTORATION TECHNOLOGIES,
LLC and ACE DURAFLO
SYSTEMS, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

## **Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs Pipe Restoration Technologies, LLC and Ace Duraflo Systems, LLC, certifies that this brief contains _____ words, which complies with the word limit of L.R. 11-6.1.


Dated:  April 10, 2023                                    RUTAN & TUCKER, LLP
                                                         RONALD P. OINES
                                                         TALYA GOLDFINGER

                                                    By:_____*/s/ Ronald P. Oines*_____
                                                         Ronald P. Oines
                                                         Attorneys for Plaintiffs PIPE
                                                         RESTORATION TECHNOLOGIES,
                                                         LLC and ACE DURAFLO
                                                         SYSTEMS, LLC