

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIPE RESTORATION TECHNOLOGIES LLC, et al.<br><br>Plaintiff(s),<br><br>v.<br><br>FLORIDA DRAIN LINING SOLUTIONS, LLC, et al.<br><br>Defendant(s). | Case No.<br> 8:23−cv−00237−FWS−DFM<br><br>**CIVIL STANDING ORDER** |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS**

**CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to Judge Fred W. Slaughter. Both the court and

all counsel bear responsibility for the progress of litigation in this court. "Counsel,"

as used in this Order, includes parties appearing *pro se*.[1] To secure the just, speedy

––––––––––––––––––––

[1] This Court does not exempt parties appearing *pro se* from compliance with the
Federal Rules of Civil Procedure or the Local Rules. *See* Local Rules 1-3 and 83-
2.2.3.

and inexpensive determination of every action, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. *See* Fed. R. Civ. P. 1.

**UNLESS THE COURT ORDERS OTHERWISE, THE FOLLOWING RULES APPLY.**

## I.  Service of the Complaint

Plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and shall comply with Local Rule 5-3 with respect to all proofs of service.

## II.  Removed Actions

Any Answers filed in state court must be refiled in this court as a supplement to the Notice of Removal. Any pending motions must be re-noticed in accordance with Local Rule 7. If an action removed to this court contains a form pleading, e.g., a pleading in which boxes are checked, the party or parties that filed the form pleading must file in this court within thirty (30) days of receipt of the Notice of Removal a revised pleading that complies with Federal Rules of Civil Procedure 7, 7.1, 8, 9, 10 and 11.

## III.  Presence of Lead Counsel

Lead trial counsel shall attend any proceeding before this court, including all Scheduling, Pretrial, and Settlement Conferences. In an effort to provide more experience to the next generation of practitioners, the court encourages lead counsel to permit junior counsel to fully participate in court proceedings, including to argue motions and to examine witnesses at trial.

## IV.  Calendar Conflicts

Counsel shall notify both of the Judges' courtroom deputies at least three (3) days in advance. Counsel should defer to the most senior of the judges. A priority before that Judge should be requested.

///

## V.  Scheduling Conference and Rule 26(f) Meeting of Counsel

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the court will issue an Order Setting a Scheduling Conference. Counsel shall meet no later than twenty-one (21) days prior to the court-ordered Scheduling Conference pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local Rules. This meeting may occur telephonically and need not occur in person. A written exchange of correspondence will not satisfy this requirement.

## VI.  Joint Rule 26(f) Report

Unless otherwise ordered, no later than fourteen (14) days before the Scheduling Conference, counsel shall file a Joint Rule 26(f) Report. A Joint Rule 26(f) Report which is not timely filed or does not conform with this Order, Federal Rule of Civil Procedure 26(f), and/or applicable Local Rules will interfere with preparation by the court and its staff and may result in the assessment of sanctions. The Joint Rule 26(f) Report shall address the matters set forth in Federal Rule of Civil Procedure 26(f), as well as those enumerated in the court's Order Setting Scheduling Conference.

## VII.  Discovery

All discovery matters have been referred to a Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the District Judge's initials next to the case number. All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Please do not deliver courtesy copies of discovery documents to Judge Slaughter's chambers.

Counsel must follow the Magistrate Judge's procedures for scheduling matters for hearing. These procedures are stated on each Magistrate Judge's webpage.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's decision shall be final, and this court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous and contrary to law. Any party may file and serve a motion for review and

reconsideration before this court. *See* Local Rule 72-2. The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous and contrary to law, and the claim must be supported by points and authorities. Counsel shall provide the Magistrate Judge's chambers copies of the moving papers and responses.

## VIII.   Motions – General Requirements

### a.   Pre-Filing Requirement

Counsel should take note of Local Rule 7-3, which requires "counsel contemplating the filing of any motion" to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues sufficiently such that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The notice of motion or other request must include a statement of compliance with Local Rule 7-3. The court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith.

### b.   Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 7. This court hears motions on Thursdays, beginning at 10:00 a.m. If Thursday is a court holiday, motions will be heard on the next Thursday. Counsel shall not contact the Courtroom Deputy to clear or reserve a civil motion hearing date. A list of closed dates is located on Judge Slaughter's webpage.

### c.   Length and Format of Motion Papers

Pursuant to Local Rule 11-6, Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages absent leave

of court. Replies shall not exceed ten (10) pages. Only for good cause shown will the court grant an application to extend these page limitations. Pursuant to Local Rule 11-8, all Memoranda of Points and Authorities exceeding ten (10) pages must be accompanied by a Table of Authorities and a Table of Contents. All briefing must use Times New Roman font. Text must be no less than fourteen (14) point font; footnotes shall be in the same font and the same size as the body of the memorandum.

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

**d.   Citations to Case Law**

Citations to case law must identify the case cited and the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page on which such language appears shall be provided. Bluebook style is required.

**e.   Citations to Other Sources**

Statutory references must identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced. Citations to prior filings in the same action shall include the docket entry number, section, and pages referenced. Bluebook style is required.

**f.   Oral Argument**

If the court deems a matter appropriate for decision without oral argument, the court will take the matter under submission and notify the parties before the hearing.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IX.   Motions – Specific Requirements

### a.   Motions Pursuant to Federal Rule of Civil Procedure 12

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *C.f. Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (noting that where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading. The court expects that, in most instances, the parties will agree to any amendment that would cure the defect.

### b.   Motions to Amend

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) identify the pages, line numbers, and wording of any proposed change or addition of material.

Counsel shall electronically file a "Notice of Lodging" attaching the proposed amended pleading as a document separate from the motion, as well as a "redlined" version of the proposed amended pleading identifying all additions and deletions of material as an appendix to the moving papers.

\\\

1      ### c.   Motions *in Limine*

2      Motions *in limine* shall be filed no later than the Final Pretrial Conference and

3      will be heard prior to the commencement of trial.

4      ### d.   Motions for Class Certification

5      If this action is a putative class action, the parties are to act diligently and

6      begin discovery immediately, so that the motion for class certification can be filed

7      expeditiously. This court requires an extended briefing schedule for motions for

8      class certification. Parties are advised to refer to the court's Order Setting

9      Scheduling Conference for additional guidance as to the filing and timing of

10     motions for class certification.

11     ### e.   Motions for Summary Judgment

12     No party may file more than one motion pursuant to Federal Rule of Civil

13     Procedure 56, regardless of whether such motion is denominated a motion for

14     summary judgment or summary adjudication, without leave of court. The parties

15     shall not attempt to evade the page limitations for briefs by filing multiple motions.

16     If a party believes this is one of the rare instances in which good cause exists for

17     more than one motion for summary judgment or to increase page limits, the party

18     shall seek leave by noticed motion setting forth a detailed showing of good cause.

19     Pursuant to Federal Rule of Civil Procedure 56(f), when appropriate, based on

20     undisputed facts and controlling principles of law, the court may *sua sponte* enter

21     summary judgment in favor of the non-moving party.

22     Also, the court will not entertain cross-motions that seek to adjudicate the

23     same legal issues. If parties wish to cross-move for summary judgment, their

24     counsel shall meet and confer to determine which party will move and which will

25     oppose the one motion for summary judgment.

26     Parties need not wait until the motion cutoff date to bring motions for

27     summary judgment or partial summary judgment. The hearing on any such motion

28     shall be set for a date in advance of the Final Pretrial Conference. This court

1  requires an extended briefing schedule for motions for summary judgment, as set

2  forth below:

3      • Motions for Summary Judgment: Must be filed at least forty-two (42)

4         days before the noticed hearing date.

5      • Opposition: Must be filed twenty-eight (28) days before the noticed

6         hearing date.

7      • Reply: Must be filed twenty-one (21) days before the noticed hearing

8         date.

9  The above briefing schedule is the default. The parties may stipulate to a

10  modified schedule that is reasonable for all parties, subject to court approval. Any

11  briefing schedule must provide the court at least twenty-one (21) days between the

12  reply deadline and the hearing date.

13  The parties should prepare papers in a fashion that will assist the court in

14  processing and analyzing the volume of material (e.g., tables of contents, headings,

15  indices, bookmarks in electronic documents, pinpoint citations, etc.). Additionally,

16  parties should submit a courtesy copy of the motion and related papers to Judge

17  Slaughter's chambers copy box, located on the 10th floor of the Ronald Reagan

18  Federal Building and United States Courthouse in Santa Ana. The parties shall

19  comply with Local Rules 56-1 and 56-2, in addition to the court's additional

20  requirements described below.

21                  **i.   Statements of Uncontroverted Facts and Genuine Disputes**

22  The separate statement of uncontroverted facts required under Local Rule 56-1

23  shall be prepared in a two-column table, as shown below. The left column sets

24  forth the allegedly undisputed fact. The right column sets forth the evidence that

25  supports the factual statement. The factual statements should be set forth in

26  sequentially numbered paragraphs. Each paragraph should contain a narrowly

27  focused statement of fact. Each numbered paragraph should address a single subject

28  as concisely as possible. The "Conclusions of Law" portion of the statement should

be inserted after the statement of uncontroverted facts.

**Plaintiff's Claim for Breach of Contract Is Barred by the Applicable Statute of Limitations.**

| Undisputed Fact | Evidence |
|---|---|
| 1. Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2. Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. |

The opposing party's statement of genuine issues must also be in a two-column table and exactly track the movant's separate statement. The left column must restate the allegedly undisputed fact and its supporting evidence. The right column must (i) state that the fact is undisputed or disputed, (ii) briefly state why the opposing party disputes the fact, (iii) cite with specificity the evidence that refutes the fact, and (iv) explain how the cited evidence refutes the fact.

**Plaintiff's Claim for Breach of Contract Is Barred by the Applicable Statute of Limitations.**

| Undisputed Fact and Evidence | Disputed/Undisputed Fact and Evidence |
|---|---|
| 1. Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo (Smith Decl. Ex. 4) 29:4-16. |
| 2. Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21. | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane Depo. at 3:4-10. |

Do not include legal argument in this document. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, the document must clearly indicate what part is being disputed. The court will not wade through a document to determine whether a fact really is in dispute.

The opposing party may submit additional material facts that bear on the issues raised by the movant. The additional facts shall follow the format of the

1  moving party's separate statement and shall continue in sequentially numbered
2  paragraphs.

### ii.   Supporting Evidence

4  No party shall submit evidence other than the specific items of evidence or
5  testimony necessary to support or controvert a proposed statement of undisputed
6  fact. For example, entire deposition transcripts, entire sets of interrogatory
7  responses, and documents that do not specifically support or controvert material
8  in the separate statement shall not be submitted in support of or in opposition to
9  a motion for summary judgment.

10  Evidence submitted in support of or in opposition to a motion for summary
11  judgment should be submitted either by way of stipulation or as exhibits to
12  declarations sufficient to authenticate the proffered evidence and should not be
13  attached to the memorandum of points and authorities. Documentary evidence
14  for which there is no stipulation regarding foundation must be accompanied by
15  the testimony, either by declaration or properly authenticated deposition transcript,
16  of a witness who can establish authenticity.

### iii.   Objections to Evidence

18  If a party disputes a fact based in whole or in part on an evidentiary objection,
19  the ground for the objection should be stated succinctly in a separate statement of
20  evidentiary objections in a two column format. The left column should identify the
21  items objected to (including page and line number if applicable) and the right
22  column should set forth a concise objection (e.g., hearsay, lack of foundation, etc.)
23  with a citation to the Federal Rules of Evidence or, where applicable, a case
24  citation. A proposed order shall be filed and attached to the evidentiary objections
25  as a separate document in Word-processing format consistent with Local Rule
26  52-4.1 and emailed directly to the court's chambers email address at
27  FWS_Chambers@cacd.uscourts.gov.
28  \\\

### f.   Motions for Attorneys' Fees

Motions for attorneys' fees shall be electronically filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorneys' fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (e.g., partner, counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (e.g., discovery, motion to dismiss, motion for summary judgment). The second table shall include a summary of the hours worked by each attorney, organized by attorney. Both tables shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney. If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

All tables shall be attached to the motion and electronically filed. The courtesy copies of the tables shall be prepared in Excel, have all restrictions removed so the spreadsheets can be edited, and be emailed to the court's chambers email address at FWS_Chambers@cacd.uscourts.gov.

### g.   Under Seal Filings

Local Rule 79-5 governs applications to file documents under seal. Local Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if leave is granted. Parties must comply with all provisions of Local Rule 79-5.

There is a strong presumption of public access in civil actions. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information a party seeks to file under seal, the party must identify and discuss the factual and/or legal justification that establishes "good cause" or "compelling reasons" for the information to be protected. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

1    Documents that are not confidential or privileged in their entirety should not

2    be filed under seal if the confidential portions can be redacted and filed separately

3    with a reasonable amount of effort. The parties should file a complete version of

4    the documents under seal and a redacted version for public viewing, omitting only

5    the portions that the Court has authorized to be filed under seal.

6    Sealing must be justified for each individual item–blanket claims of

7    confidentiality will result in the application to seal being denied. Counsel are

8    strongly encouraged to consider carefully whether sealing or redaction is absolutely

9    required for a given piece of evidence or argument. An application to seal that

10   includes meritless requests to seal or redact documents will be denied. The parties

11   also must meet and confer before filing an application to seal.

12   ## X.  Proposed Orders

13   Each party filing or opposing a motion or seeking the determination of any

14   matter shall serve and electronically lodge a proposed order setting forth the relief

15   or action sought and a brief statement of the rationale for the decision with

16   appropriate citations. In addition, a copy of the proposed order in Word-processing

17   format shall be emailed directly to the court's chambers email address at

18   FWS_Chambers@cacd.uscourts.gov on the day the document is electronically

19   filed.

20   ## XI.  Chambers Courtesy Copies

21   Mandatory chambers copies of the following e-filed documents shall be

22   delivered to Judge Slaughter's chambers copy box on the 10th Floor of the Ronald

23   Reagan Federal Building and United States Courthouse in Santa Ana or sent via

24   overnight mail: all motions and related documents (oppositions, replies, exhibits);

25   *ex parte* applications (excluding *pro hac vice* applications) and related documents

26   (oppositions and exhibits); and all pretrial documents.

27   Mandatory chambers copies must be delivered by noon following the date of

28   filing as required by Local Rule 5-4.5.

1
2
3
4

Mandatory chambers copies of sealed documents shall be delivered to the Clerk's Office Intake window, to be placed in the court's internal mail box. If the mandatory chambers copy of a document is an inch or more thick, the filing party should place the court's copy in a three-ring binder (no blue backing is required).

5

## XII.   Ex Parte Applications

6
7
8
9
10

*Ex parte* applications are solely for extraordinary relief. To justify *ex parte* relief, there must be a showing of irreparable prejudice and that the moving party is without fault, or that the crisis occurred as a result of excusable neglect. *See Mission Power Engineering Co. v. Continental Casualty Co*., 883 F. Supp. 488, 492-93 (C. D. Cal. 1995).

11
12
13
14
15
16

The court directs counsel's attention to Local Rule 7-19. The court considers *ex parte* applications on the papers. Accordingly, counsel need not set *ex parte* applications for a hearing date. The other parties' opposition, or notice of non-opposition (which notice may be provided telephonically to the Courtroom Deputy), to an *ex parte* application is due 24 hours after the other parties' receipt of the *ex parte* application.

17

## XIII.   Injunctions and Restraining Orders

18
19
20
21
22
23
24
25
26
27

Parties seeking preliminary or emergency injunctive relief must comply with Federal Rule of Civil Procedure 65 and Local Rule 65. Applications for a Temporary Restraining Order ("TRO") are also governed by Local Rule 7-19, which applies to *ex parte* applications. Thus, oppositions to Applications for a TRO must be filed within 24 hours following service of the Application. The court will not rule on any Application for a TRO for at least twenty-four hours after the party subject to the requested order has been served, unless notice is excused as per Federal Rule of CivilProcedure 65(b), or unless the interests of justice so require. The parties must provide chambers copies of TRO-related documents on the same day they are filed.

28

\\\

## XIV. __Continuances__

Continuances are granted only on a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). Requests for continuances must be by motion, stipulation or application and must be accompanied by a declaration setting forth the reasons for the requested continuance. The declaration also should include whether there have been any previous requests for continuances and whether these requests were granted or denied by the court. Stipulations extending dates set by this court are not effective unless approved by the court. It is best to contact the Courtroom Deputy as soon as you know a request for continuance will be made.

The court's determination of whether good cause has been shown focuses upon evidence of diligence by the party or parties seeking a continuance and on the potential for prejudice that might result from a denial of the continuance. *See* Fed. R. Civ. P. 16(b)(4); *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003).

Counsel are not to assume that any request has been granted until it is approved by the court. *See* Local Rule 40-1.

## XV. __Communications with Chambers__

Counsel must not attempt to contact the court or chambers staff by email, telephone, or by any other *ex parte* means. Counsel may, for appropriate matters only, contact the Courtroom Deputy via the Court's chambers email at FWS_Chambers@cacd.uscourts.gov. Counsel must not contact the Courtroom Deputy regarding the status of any matter before the court. Calls or emails regarding the status of submitted motions, stipulations, or proposed orders will not be returned. Counsel may determine the status of any submitted motion, stipulation, or proposed order by accessing the docket sheet through PACER, which can be accessed via the Central District of California's website. Counsel must include on all papers their email address, telephone number, and fax number to facilitate communication with the Courtroom Deputy.

## XVI.   Guidance for *Pro Se* Litigants

Parties who represent themselves in civil litigation (e.g., appear *pro se*), should be aware that the court holds these parties to the same standards of conduct to which it holds attorneys. The following links may be helpful to those representing themselves in civil matters:

- General information on how parties may represent themselves in civil cases in the Central District of California can be found at https://prose.cacd.uscourts.gov/.
- Local Civil Rules for the Central District of California can be found at http://www.cacd.uscourts.gov/court-procedures/local-rules
- Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

## XII.   Order Setting Scheduling Conference

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the court will issue an Order setting a Scheduling Conference. The parties must strictly comply with Federal Rules of Civil Procedure 16 and 26, and Local Rule 26. The parties must propose a trial date that is within 18 months of the filing of the complaint.

## XVIII.   Settlement Conference and Alternative Dispute Resolution (ADR)

As stated in Local Rule 16-15, the parties in every case must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. The court will not hold a final pretrial conference or convene any trial unless and until all parties, including the principals of all corporate parties, have completed ADR.

This court participates in the Court-Directed ADR Program whereby the court refers the parties to the magistrate judge, the Court Mediation Panel, or to private mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed ADR Program (form ADR-08) has been filed in this case, counsel must furnish and discuss it with their clients in preparation for the Federal Rule of Civil Procedure 26(f) conference. In their Joint Rule 26(f) Report, counsel should indicate their

preferred ADR procedure. The court will refer the case to a procedure at the initial scheduling conference. More information about the court's ADR Program, the Mediation Panel, and mediator profiles is available on the court's website.

### XIX.   Notice of This Order

Counsel for Plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the court by noticed removal, the Defendant shall serve this Order on all other parties.

IT IS SO ORDERED.

Dated: May 4, 2023

_____
HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE